## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.**: 21-cv-81825

**SAMANTHA SANZONE**,
and all others similarly situated under
29 U.S.C. §216(b),

    Plaintiff(s),

vs.

**GUARANTEED RATE, INC.**,

    Defendant.
_____/

## COMPLAINT

*Collective Action Pursuant to 29 U.S.C. § 216(b)*

**SAMANTHA SANZONE** ("Plaintiff"), by and through the undersigned counsel and on behalf of those similarly situated, hereby files this Complaint and hereby sues **GUARANTEED RATE, INC.** ("Guaranteed Rate" or "Defendant") and alleges as follows:

### INTRODUCTION

1. This is an action for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff seeks unpaid overtime damages as well as attorney's fees, interest, and costs.

### PARTIES, JURISDICTION, AND VENUE

3. Plaintiff was formerly employed by Defendant and performed work for Defendant in Palm Beach County, Florida.

1 | P a g e

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

4. Guaranteed Rate is, and was, a company headquartered in Chicago, Illinois and authorized to conduct business in Palm Beach County, Florida.

5. Venue is proper in this Court because Defendant transacts business in Palm Beach County, Defendant maintains a principal place of business in Palm Beach County, Defendant employed Plaintiff in Palm Beach County, and the claims arose within Palm Beach County.

## GENERAL ALLEGATIONS

### A. Defendant's Business and Interstate Commerce

6. Guaranteed Rate's primary business is to provide services for consumers relating to mortgage loan services in the purchasing of a home or refinancing for existing homeowners.

7. Guaranteed Rate boasts on its website of maintaining 850 offices, similar to the one Plaintiff worked for, in forty-six (46) states across the United States.

8. Under information and belief, Plaintiff alleges that Guaranteed Rate's gross annual revenue exceeded $500,000.00 during 2018, 2019, 2020, and is expected to exceed $500,000.00 during 2021.

9. Guaranteed Rate customarily and regularly bought and sold goods and services that crossed state lines.

10. At all relevant times, Guaranteed Rate employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of

2 | Page

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

11. Upon information and belief, Guaranteed Rate obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

12. Guaranteed Rate, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

13. Guaranteed Rate is an employer engaged in interstate commerce and subject to the FLSA.

B. **Allegations Relating to Plaintiff's Unpaid Overtime Claim**

14. On or about September 17, 2020, Plaintiff executed her Compensation Plan with Guaranteed Rate and began her employment.

15. At all material times, Plaintiff worked as a "Closing Coordinator."

16. Throughout her employment, Plaintiff was paid an hourly rate of $18.26 and was eligible to earn a $15.00 bonus per funded "Eligible Loan" and "Eligible Brokered Loan", as defined by the Compensation Plan she worked on.

3 | P a g e

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

17. During her employment, Plaintiff regularly worked beyond forty hours per week.

18. Guaranteed Rate, however, failed to include *all* compensation earned by Plaintiff in the pay period (i.e., Plaintiff's earned bonuses) when calculating Plaintiff's overtime rate.

19. Due to this incorrect calculation of Plaintiff's overtime hourly premium, she is entitled to unpaid overtime damages.

20. Given Defendant's knowledge of Plaintiff's earned bonuses, it willfully and intentionally failed to properly provide Plaintiff with her proper overtime premium for each overtime hour worked.

21. Plaintiff now seeks damages in the form of her correct overtime wages, liquidated damages of the same, and attorneys' fees and costs.

**C. Defendant's Illegal Payment Practices Affected All Other Similarly Situated Employees.**

22. Defendant's pattern and practice of depriving similarly-situated Closing Coordinators of proper overtime compensation required by the FLSA extended to all Closing Coordinators working for Defendant during the last three (3) years.

23. Defendant employs Closing Coordinators in nearly every state across the United States. Indeed, Defendant employs Closing Coordinators in work-from-home/remote positions.

24. Based on the number of locations Defendant operates, there exists numerous other Closing Coordinators.

4 | Page

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

25. The terms and conditions of Plaintiff's employment, specifically in terms of wages and bonuses, are common/shared among other Closing Coordinators working for Defendant in the last three years.

26. Unfortunately, other Closing Coordinators have been subject to the very same unlawful payment practices as Plaintiff.

27. As noted above, other Closing Coordinators customarily and regularly performed duties to make them eligible to receive, and indeed did receive, bonuses like Plaintiff.

28. Other Closing Coordinators for Defendant have worked over forty (40) hours a week during the last three (3) years and were paid an overtime premium rate which did not include earned bonuses as part of the calculation.

29. Defendant's failure to include earned bonuses when calculating an individual's overtime premium is in violation of the FLSA.

30. Similarly situated Closing Coordinators are owed additional compensation to make them whole under the FLSA.

### COUNT I
### OVERTIME VIOLATION BY GUARANTEED RATE
### UNDER THE FAIR LABOR STANDARDS ACT

31. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 30 above as if fully set forth herein.

32. As part of its business, Guaranteed Rate purchased goods and materials that traveled through interstate commerce.

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

33. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

34. Upon information and belief, Guaranteed Rate obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

35. Guaranteed Rate, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

36. During her employment with Guaranteed Rate, Plaintiff worked overtime hours for which she was not compensated at a proper rate of no less than one-and-one-half her rate of pay, inclusive of all earnings in a pay period, as required by the FLSA.

37. Guaranteed Rate did not properly compensate Plaintiff for her overtime despite knowledge of the overtime hours Plaintiff worked and bonuses earned.

38. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

39. In addition, Guaranteed Rate is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its

6 | Page

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Guaranteed Rate under the FLSA;

b. Award Plaintiff actual damages for the unpaid overtime wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff her attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT II
## COLLECTIVE ACTION AGAINST GUARANTEED RATE FOR UNPAID OVERTIME WAGES UNDER THE FLSA

64. Plaintiff re-allege and incorporate by reference the allegations in paragraphs 1 through 30 above as if fully set forth herein.

65. Guaranteed Rate's pattern and practice of depriving workers of proper overtime compensation required by the FLSA extended to all Closing Coordinators.

66. Closing Coordinators throughout have all been subject to the very same unlawful payment practices as Plaintiff.

67. Despite the Guaranteed Rate's knowledge that Closing Coordinators regularly earn bonuses as part of their work, these earnings were not included in the final calculation for overtime wage payments.

7 | P a g e

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

68. Further, much like Plaintiff, similarly situated Closing Coordinators would earn certain bonuses.

70. Guaranteed Rate has employed scores of Closing Coordinators during the relevant period given their vast network and branches operating in nearly every state.

71. Closing Coordinators for Guaranteed Rate have worked over forty (40) hours a week during the last three (3) years without being paid a proper time-and-a-half their regular rate of pay for the overtime hours worked.

72. Other similarly situated Closing Coordinators of Guaranteed Rate were also deprived of proper overtime compensation at a rate of time-and-a-half their regularly rate of pay, inclusive of all earnings in a pay period, as required by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter an order certifying this case as a collective action;

b. Enter judgment against Guaranteed Rate under the FLSA;

c. Award all similarly situated opt-in plaintiffs actual damages for the unpaid wages;

d. Award all similarly situated opt-in plaintiffs liquidated damages;

e. Award attorneys' fees and costs;

f. Award all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## **JURY TRIAL**

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: September 28, 2021

                Respectfully submitted,

                By: ***/s/ J. Freddy Perera***
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pba-law.com
Alexandra C. Hayes, Esq.
Florida Bar No. 109482
alex@pba-law.com

**PERERA ALEMÁN**
12555 Orange Drive, Second Floor
Davie, Florida 33330
Phone: 786.485.5232
*Counsel for Plaintiff*

9 | P a g e

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232